GEE, Circuit Judge:
Charles Rayburn appeals a district court order remanding to state court an action brought against him by CIT Corporation and Crocker National Bank. The parties draw various issues before us; but, because we lack jurisdiction to review the district court’s remand order, we cannot consider the merits of the case and must instead dismiss the appeal.
Rayburn Enterprises, Inc. filed for a Chapter 11 reorganization in July 1981. Two of its secured creditors, the appellees here, entered into a stipulation regarding the disposition of the secured assets and filed suit in state court against Rayburn, apparently the corporation’s sole stockholder, on his personal guaranties of the corporate borrowings from them. In April 1982, Rayburn removed the case to the bankruptcy court handling his corporation’s reorganization pursuant to 28 U.S.C. §§ 1471 and 1478 (superseded in 1984).[1] The bankruptcy court viewed removal as proper, rejected the creditors’ motions to remand, and subsequently denied relief to the creditors. It entered a final order on March 4, 1983.
CIT and Crocker National Bank then “appealed” to federal district court, asserting an improper assumption of jurisdiction of the case by the bankruptcy court and complaining of its denial of their remand motions. The district court agreed with these contentions and remanded the case, stating both lack of federal jurisdiction and abstention as grounds for its action. Rayburn appeals.
We cannot consider the merits, however, because we lack jurisdiction to entertain this appeal. To a far greater degree than in most cases, appellate jurisdiction is by no means assured in bankruptcy matters; Congress has frequently exercised its constitutional power to deny the power of review to courts of appeal in this area. An example is 28 U.S.C. § 1452(b), the current provision on the reviewability of remand decisions:
The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise.
The predecessor of § 1452(b) was 28 U.S.C. § 1478(b) (superseded in 1984) and the two sections share identical language. This court has cited § 1478(b) in resolving a situation much like this one:
... [T]he district court entertained an appeal of the bankruptcy court’s action in taking jurisdiction and remanded the divorce case to state court, concluding that the bankruptcy court lacked jurisdiction over the marital status of the debt- or. The debtor appeals the remand order.
Whether the remand order be viewed as one of abstention or as one grounded *503 in a perceived want of jurisdiction, we are not empowered to review it. 28 (U.S.C.) Sections 1471(d) and 1478.
Compton v. Compton, 711 F.2d 626, 627 (5th Cir.1983). No reason is apparent to us why the Congressional language should have a different meaning today. We therefore reaffirm the Compton ruling and follow it. Because § 1452(b) therefore bars a consideration of this case’s merits, the appeal is
DISMISSED.

. The bankruptcy court’s jurisdiction over this case, if it existed, would have come from 28 U.S.C. § 1471, which provided in part:
(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
(c) The bankruptcy court for a district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.
Removal from state court was allowed under 28 U.S.C. § 1478(a):
A party may remove any claim or cause of action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.
Congress superseded these sections in July 1984 with its enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 1984 U.S.Code Cong, and Ad.News (98 Stat.) 333.